UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Juliet Machie,

    Plaintiff,

v.

City of Detroit et al.,

    Defendants.
_____/

Case No. 14-14095

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [7]**

This matter comes before the Court on Defendant City of Detroit's motion for summary judgment. Plaintiff, former Associate Director of the Detroit Public Library (DPL), filed this lawsuit against six defendants, alleging violations of both statutory and constitutional rights arising out of her termination from the DPL on September 25, 2014.[1] Defendant seeks summary judgment solely on the ground that Plaintiff was not an employee of the City of Detroit. For the reasons stated below, Defendant's motion for summary judgement is GRANTED.

**I. Background**

This is the second time Plaintiff has filed an employment discrimination action against the DPL. In the previous lawsuit, Plaintiff alleged that the DPL, the Detroit Library Commission, and other individuals discriminated against her on the basis of race and national origin in violation of 42 U.S.C. § 1983 when they failed to promote her to the position of Executive Director in 2011. The City of Detroit was not named as a Defendant

---

[1] The other five defendants are: (1) the DPL; (2) the Detroit Library Commission; (3) Russell Bellant; (4) Joanne Mondowney; and (5) Trinee Moore.

in that case. This Court granted summary judgment in favor of the Defendants and dismissed all of Plaintiff's claims with prejudice. *Machie v. Detroit Library Comm'n*, No. 12-15299, 2014 WL 2648521 (E.D. Mich. June 13, 2014).

Roughly three months after this Court's decision, Plaintiff was terminated from the DPL. Plaintiff now brings this action alleging that her termination was retaliation for her prior lawsuit. Defendant City of Detroit has moved for summary judgment arguing that it was not Plaintiff's employer, and therefore, it did not take any adverse employment action against her.

## II.   Summary Judgment Standard

Summary judgment is proper when the movant "shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law." *U.S. SEC v. Sierra Brokerage Services, Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* Furthermore, the "substantive law will identify which facts are material, and summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

When considering the material facts on the record, a court must bear in mind that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Moreover, "[i]n order to survive a motion for summary judgment, the non-moving party must be able to show 'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) (citing and quoting *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004).

### III. Analysis

Defendant argues that the DPL, not the City of Detroit, was Plaintiff's employer at the time she was terminated. By statute, the DPL is an independent entity from the City. (Local Act 359 of 1901.) It is governed by the Detroit Library Commission. The Commission is empowered to maintain and operate the DPL. It runs the day to day operations of the DPL, and it has the authority to hire and fire DPL employees. The City does not have that power. The City, however, does have a financial connection to the DPL. For example, the City collects taxes on behalf of the DPL, and the DPL has to submit its budget to the City for approval. DPL employees are also allowed to participate in the General Retirement System (GRS) with City employees.

Plaintiff largely does not dispute that the DPL is normally an independent entity from the City, and that DPL employees would not typically be considered City employees. She instead argues that Detroit's bankruptcy and the appointment of an emergency manager converted DPL employees into City employees.

Plaintiff's first argument is because DPL employees were treated as City employees under the bankruptcy, DPL employees became City employees. Plaintiff is correct that DPL employees were treated as City employees in some respects under the bankruptcy. For example, modifications to the GRS affected both DPL employees and City employees as

3

both participate in it. Nevertheless, it does not appear that the bankruptcy turned DPL employees *into* City employees, and Plaintiff has not cited to any document or authority to support her argument that it did. The evidence that Plaintiff does offer, an excerpt from the Fourth Amended Plan of Adjustment, (Pl.'s Resp. at vii-viii), and an excerpt from a deposition of Jo Anne G. Mondowney (the Executive Director of the DPL),[2] only shows that for certain purposes, DPL employees were treated *as if* they were City employees under the bankruptcy.[3] This does not support Plaintiff's argument that DPL employees were City employees. It supports the opposite conclusion. DPL employees would not have been treated as though they were City employees if they were in fact City employees.

Plaintiff's second argument is that the appointment of an emergency manager for the City converted DPL employees into City employees. Aside from citing the Michigan statutes delineating the broad powers of emergency managers, Mich. Comp. Laws §§ 141.1541 *et. seq.*, Plaintiff has again not cited to any document or authority that supports her argument. Plaintiff has failed to provided any evidence that the emergency manager or the City took or could have taken any role in her termination. As part of her burden on summary judgment, Plaintiff has the responsibility to provide "sufficient probative evidence [that]

---

[2] This excerpt was supplied to the Court during the hearing held on January 13, 2015. It appears that the excerpt comes from an exhibit to a motion filed as part of the bankruptcy. (*In re City of Detroit*, No. 13-53846, Dkt. 7114, Ex. A.)

[3] Plaintiff also included as an exhibit to her response a letter from Michael Hall, the City's Human Resources and Labor Relations Director, referring to her as a "non-represented employee of the City of Detroit" as evidence that she was a City employee. (Pl.'s Resp., Ex. 1.) In an affidavit, Michael Hall acknowledges that Plaintiff received this letter but stated it "was sent to her in error." (Def.'s Reply, Ex. 1.) The letter was a form letter sent to communicate changes being made to the GRS. (*Id.*) It is not sufficient to create a genuine dispute of material fact.

4

would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy." *Arendale,* 519 F.3d 587 at 605. Solely citing the emergency manager statutes and speculating that the emergency manager may have played some part in Plaintiff's termination is just that, speculation. It is not sufficient to survive a motion for summary judgment.

### IV. Conclusion

For the foregoing reasons, Defendant City of Detroit's motion for summary judgment is GRANTED. Plaintiff's claims against the City of Detroit are DISMISSED WITH PREJUDICE.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 4, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 4, 2015, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager